```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

EVELIO ROSARIO-ROSADO,

    **Petitioner**,

        v.                          **CIVIL NO. 21-1431 (RAM)**

UNITED STATES OF AMERICA,

    **Respondent**.

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is petitioner Evelio Rosario-Rosado's ("Petitioner") *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence* (the "*Motion*"). (Docket No. 3).[1] For the reasons detailed below, the *Motion* is **DENIED**.

### I. PROCEDURAL BACKGROUND

On June 12, 2017, Petitioner pleaded guilty to Count One of the Indictment, which charged him with conspiracy to possess with intent to distribute controlled substances within 1,000 feet of a public housing facility. (Case No. 13-124, Docket No. 1609). The Honorable Carmen C. Cerezo sentenced Petitioner to one hundred and thirty-five (135) months of imprisonment and ten (10) years of supervised release. (Case No. 13-124, Docket No. 1706). Petitioner

---

[1] All record citations are to this Court's docket in Civil Case No. 21-1431 unless specified otherwise. Citations to Criminal Case. No. 13-124-1 are styled as "Case No. 13-124."

thereafter unsuccessfully appealed the Judgment. (Case No. 13-124, Docket Nos. 1717; 2106).

On November 3, 2020, Petitioner, through counsel, filed a *Motion for Compassionate Release* pursuant to 18 U.S.C. § 3582(c)(1)(A), citing several medical conditions that made him more susceptible to a severe case of COVID-19. (Case No. 13-124, Docket No. 2171). The Honorable Gustavo A. Gelpí denied the *Motion for Compassionate Release* without prejudice. (Case No. 13-124, Docket No. 2216). Petitioner did not file a renewed *Motion for Compassionate Release* or appeal the Court's denial.

Instead, on September 7, 2021, Petitioner filed his first § 2255 petition. (Docket No. 1). Following an order from the Court, he filed the pending *Motion*, which "elaborate[d] as to why relief is warranted." (Docket Nos. 2; 3). The Government filed an opposition to the *Motion* on June 15, 2022. (Docket No. 17).

## II. APPLICABLE LAW

28 U.S.C. § 2255 states that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The statute provides for post-conviction relief "if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David

v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citation omitted). "[A]part from claims of constitutional or jurisdictional nature, a cognizable section 2255 claim must reveal exceptional circumstances that make the need for redress evident." Id. (internal quotation marks and citation omitted). The burden is on the petitioner to make such a showing. Id.

Additionally, "[e]videntiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted). Evidentiary hearings are unnecessary when a § 2255 petition "is inadequate on its face[.]" Id.

### III. ANALYSIS

#### A. Section 404 of the First Step Act

Petitioner first posits that Section 404 of the First Step Act of 2018 allows the Court to "reduce [his] previous sentence and conviction to the mandatory minimum." (Docket No. 3 at 2). The Government contends, as a preliminary matter, that a § 2255 petition is not the proper vehicle to request such a sentence reduction. (Docket No. 17 at 8-9). Other district courts have reached the same conclusion. *See, e.g.*, United States v. Allen, 2020 WL 8167463, at *4 (E.D. Ky. 2020) ("A motion under § 2255 is not the proper vehicle for seeking a sentence reduction under the

Case 3:21-cv-01431-RAM   Document 19   Filed 03/27/23   Page 4 of 8

Civil No. 21-1431 (RAM)                                                    4

First Step Act"); Cannon v. United States, 2019 WL 6742916, at *3 (E.D. Tenn. 2019) (same). However, the Court does not need to address this preliminary issue because, regardless of whether Petitioner filed the correct motion, Section 404 of the First Step Act does not apply in this case.

In 2010, Congress enacted the Fair Sentencing Act, which lessened the sentencing disparity between cocaine and crack cocaine offenses. *See* Dorsey v. United States, 567 U.S. 260, 269 (2012). In particular, sections 2 and 3 of the Act increased the threshold quantity of crack cocaine needed to trigger certain mandatory minimums and "eliminated the 5-year mandatory minimum for simple possession of crack." Id. However, the Supreme Court interpreted the statute to not apply retroactively. *See* id. at 281. Therefore, the "Act's new, lower mandatory minimums" only applied to defendants who were sentenced *after* the Act's effective date – August 3, 2010. Id.

In 2018, Congress enacted the First Step Act. Relevant here is Section 404, which "made Sections 2 and 3 of the Fair Sentencing Act retroactive for defendants who were sentenced before August 3, 2010." United States v. Boulding, 960 F.3d 774, 777 (6th Cir. 2020). Defendants sentenced before August 3, 2010 are therefore now eligible to seek sentence reductions consistent with the Fair Sentencing Act's lower mandatory minimums. However, critically, Section 404(c) states that "[n]o court shall entertain a motion

made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010[.]" First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018). In other words, district courts cannot entertain motions pursuant to Section 404 of the First Step Act from defendants who already benefitted from the provisions of the Fair Sentencing Act.

In the case at bar, Petitioner was sentenced in February 2018 – well after the enactment of the Fair Sentencing Act. (Case No. 13-124, Docket No. 1706). Petitioner does not contend in the *Motion* that the sentencing court failed to adhere to sections 2 and 3 of the Fair Sentencing Act. Therefore, "[g]iven that timing, we will assume . . . that the [sentencing] court followed the law." United States v. Goodwin, 37 F.4th 948, 952 (4th Cir. 2022) (assuming, as the Court does here, that the district court sentenced the petitioner in accordance with the Fair Sentencing Act). Accordingly, Petitioner is excluded from eligibility for the relief he now seeks by the plain language of Section 404(c) of the First Step Act, and thus his claim fails.

**B. Home Confinement**

Next, Petitioner asks the Court to allow him to serve the remainder of his sentence in home confinement. (Docket No. 3 at 4-5). Petitioner specifically contends that this Court "has

Case 3:21-cv-01431-RAM   Document 19   Filed 03/27/23   Page 6 of 8

Civil No. 21-1431 (RAM)                                                        6

jurisdiction" to issue such an order. Id. at 5. The Government again asserts that, as a preliminary matter, Petitioner cannot raise such a request in a § 2255 petition, and instead must file a motion for compassionate relief under 18 U.S.C. § 3582(c). (Docket No. 17 at 8-9). However, even if the Court treated Petitioner's motion as one for compassionate release pursuant to 18 U.S.C. § 3582(c), the First Circuit has explicitly stated that "section 3582(c)(1)(A) does not afford a district court the authority to order a defendant to serve his unmodified sentence at home." United States v. Texeira-Nieves, 23 F.4th 48, 59 (1st Cir. 2022). Therefore, despite Petitioner's contention to the contrary, the Court lacks the authority to issue such an order. *See* United States v. West, 2022 WL 911256, at *3 (D. Me. 2022) (noting that the district court lacked jurisdiction to grant Defendant's request to be released to home confinement).

### C. Ineffective Assistance of Counsel

Finally, Petitioner contends he received ineffective assistance of counsel, in violation of his Sixth Amendment rights, during the compassionate release proceedings in this case. (Docket No. 3 at 5-8). Specifically, Petitioner asserts that his attorney failed to notify the Court that Petitioner could not afford to pay a medical expert to verify his medical conditions. Id. at 6. This claim is similarly without merit.

It is well established that "the right to effective assistance of counsel is dependent on the right to counsel itself." Evitts v. Lucey, 469 U.S. 387, 397 n.7 (1985) (citation omitted). Additionally, "every federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." United States v. Manso-Zamora, 991 F.3d 694, 696 (6th Cir. 2021) (collecting cases). It thus follows that, "[b]ecause there is no Sixth Amendment right to counsel for a § 3582(c) motion, [Petitioner] cannot state a claim for ineffective assistance." United States v. Joseph, 2022 WL 3644875, at *1 (9th Cir. 2022) (citations omitted); *see also* Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel[.]"). Considering this established case law, the Court rejects Petitioner's ineffective assistance of counsel claim.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner Evelio Rosario-Rosado's *Motion* at Docket No. 3 is **DENIED**. No certificate of appealability shall be issued as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit pursuant to Rule 22(b)(1) of the Federal Rules of Appellate

Procedure. Judgment of **DISMISSAL WITH PREJUDICE** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of March 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge